UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:06cv-121-R

CLYDE MORROW, Jr.                                                                                    PLAINTIFF

v.

BETTE M. MORROW, et. al.,                                                                        DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the Court on Defendants' Barry Gant, Joseph Potter and Potter & Gant ("Potter & Gant") Motion for Summary Judgment and Request for Oral Argument (Docket #37). The Plaintiff, Clyde Morrow, Jr. ("Mr. Morrow") (Docket #39) and Co-Defendants J&T Logging, LLC, J&T Logging, Tommy Johnson and Jeff Young ("J&T Logging") (Docket #40) have responded, and Potter & Gant have replied to their responses (Docket #42). In addition, Mr. Morrow has filed a sur-response to Potter & Gant's reply (Docket #53). This matter is now ripe for adjudication. For the following reasons, Potter & Gant's Motion for Summary Judgment and Request for Oral Argument are **DENIED**.

## BACKGROUND

This case concerns timbering activity that took place on a track of land in Todd County, Kentucky. Mr. Morrow has a one-half interest in this property, while Co-Defendant Bette Morrow ("Mrs. Morrow"), as the executrix of the estate of Mr. Jack Morrow, has title to the other half. Beginning in 2001, the Plaintiff alleges that the Defendants cut timber on the property of Mr. Morrow without his permission. Mr. Morrow has asserted conversion and property damage claims against the Defendants for the alleged actions conducted on his property during that time.

## STANDARD

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence. To support this position, he must present evidence on which the trier of fact could find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "[t]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Systems Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tomkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (1991)." *Gafford v. General Electric Co.*, 997 F.2d

150, 165 (6th Cir. 1993).

## DISCUSSION

Potter & Gant contend that the Plaintiff's claim is barred by the applicable statute of limitations under KRS § 413.120, which states, in pertinent part:

> The following actions shall be commenced within five (5) years after the cause of action accrued:
>
> (1) An action upon a contract not in writing, express or implied.
>
> (2) An action upon a liability created by statute, when no other time is fixed by the statute creating the liability.
>
> (3) An action for a penalty or forfeiture when no time is fixed by the statute prescribing it.
>
> (4) An action for trespass on real or personal property.
>
> (5) An action for the profits of or damages for withholding real or personal property.
>
> (6) An action for an injury by a trustee to the rights of a beneficiary of a trust.

Potter & Gant assert that government records as well as affidavits from some of the Defendants demonstrate that more than five (5) years have elapsed between the work Potter & Gant commenced on the Plaintiff's property and the time Mr. Morrow filed his suit. Specifically, Potter & Gant argue that the final inspection of the work took place on May 10, 2001, and the Plaintiff filed his suit in August 2006, past the mandated five (5) year deadline. Therefore, Potter & Gant contend that the Plaintiff's claims against them are barred by the statute of limitations.

In the Plaintiff's response, Mr. Morrow has submitted the affidavit Gene Wright, which is in contrast to the affidavits submitted by Potter & Gant. In addition, the Plaintiff notes that the motion submitted by Potter & Gant does not specify where exactly Potter & Gant cut timber in

2001 and/or when the cutting took place. The Plaintiff asserts that the last logging activity took place on Mr. Morrow's property in November 2001, not May 2001, and because discovery has not yet taken place in this matter he cannot ascertain who was responsible for the cutting of timber on his property and/or when the cutting finally ceased. J&T Logging has echoed the argument of the Plaintiff, contending that in their affidavits Potter & Gant have not identified the property where the timber was harvested, and whether it belonged to Mr. Morrow or Mrs. Morrow.

Discovery in this matter has not yet taken place. At this juncture, the Court cannot state with certainty who was responsible for cutting timber on the property of the Plaintiff and when exactly the cutting took place. These facts will become more apparent during the course of discovery. Accordingly, at this time, issues of material fact exist that preclude the Court from granting Potter & Gant's Motion for Summary Judgment. In addition, the Court does not see the necessity of having an oral argument in this matter.

## CONCLUSION

For the foregoing reasons, the Defendants' Barry Gant, Joseph Potter and Potter & Gant ("Potter & Gant") Motion for Summary Judgment and Request for Oral Argument (Docket #37) are **DENIED**.

An appropriate order shall issue.